IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Mirabahn Cairobe, | § § § § | |
| Plaintiff | | |
| vs. | § § | Case No. 1:23-cv-00486-CAP-JKL |
| Zwicker & Associates, P.C., | § § § | |
| Defendant | § | |

## DEFENDANT'S MOTION FOR FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927, 15 U.S.C. § 1692k. AND THE COURT'S INHERENT POWER

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Zwicker & Associates, P.C. hereby moves the Court to impose sanctions against Plaintiff pursuant to 15 U.S.C. § 1692k, against her attorneys pursuant to 28 U.S.C. § 1927, and against all of them under the Court's inherent power to impose sanctions, and in support of such motion would respectfully show the following:

1. Movant is Zwicker & Associates, P.C. ("Zwicker").

2. Respondents are Gary D. Nitzkin, P.C. d/b/a Credit Repair Lawyers of America, Gary Hansz, and Plaintiff Mirabahn Cairobe. As is explained in the accompanying Memorandum of Law, it is possible that such sanctions should also

-1-

be levied against Gary D. Nitzkin personally for his role in directing and controlling the filings at issue.

3. This motion is made in the alternative to Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. 52). Separate motions are required, as Rule 52 states, in pertinent part, that a motion under that rule "must be made separately from any other motion". Fed. R. Civ. P. 11(c)(2). To be clear, Zwicker does not seek a double recovery of its fees and costs, but it seeks them on alternative grounds.

4. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

5. 15 U.S.C. § 1692k provides, in pertinent part:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 .S.C. § 1692k(a)(3).

6. 3. The Court has inherent authority to sanction improper conduct and may order Plaintiff and/or her attorneys to pay Zwicker's attorney's fees and costs "for actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons."

7.      For the reasons more fully set forth in the accompanying Memorandum of Law Zwicker moves the Court to order Plaintiff pursuant to Section 1692k(a)(3) to pay all of the fees and costs incurred in this case, as Plaintiff's claims were all factually false and a fraud upon the court.  Zwicker moves the Court to order attorneys pursuant to Section 1927 to pay its attorney's fees and costs incurred subsequent to the filing of Docs. 19 and 19-1, as those documents put Plaintiff's attorneys on notice that one or more claims in this case was false, yet they persisted in their pursuit of those claims. Finally, Zwicker moves the Court pursuant to its inherent power to sanction to order Plaintiff and her attorneys to pay all of the fees and costs incurred in this case.

WHEREFORE, PREMISES CONSIDERED, Zwicker prays that the Court make specific findings that Plaintiff and her attorneys are liable for its fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C, § 1927.  Zwicker  further prays that the Court impose against Plaintiff and her attorneys separate awards of fees and costs to the extent permitted by those statutes and a joint award of fees and costs pursuant to the Court's inherent authority to impose sanctions. Zwicker further prays that it be granted all such other and further relief, at law or in equity, as to which it may be justly entitled.

Dated this 8th day of November, 2023.

Respectfully submitted,

ZWICKER & ASSOCIATES, P. C.

By its Attorneys,

/s/ Manuel H. Newburger
Manuel H. Newburger
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

Keith D. Taylor, Esq.     GA Bar # 141357
3505 Koger Boulevard, Suite 125
Duluth, GA 30096
Telephone: (678) 924-9644
Facsimile: (678) 924-9652
Email: GeorgiaLtigation@Zwickerpc.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 6, 2023, I sent an email to Gary Hansz in an attempt to confer regarding the relief requested in the foregoing motion. On November 8, 2023, Mr. Hansz responded, stating that Respondents opposes the relief requested in the foregoing motion.

/s/ Manuel H. Newburger
Manuel H. Newburger

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2023, a true copy of the foregoing Motion was served on all attorneys of record via the Court's ECF system and upon attorneys Silverman and Jeong via email.

/s/   Manuel H. Newburger
Manuel H. Newburger

**Service List:**

Gary Alan Hansz
Credit Repair Lawyers of America
39111 Six Mile Road
Suite 142
Livonia, MI 48152
gary.hansz@crlam.com

Joon Jeong
5 Old Peachtree Road
Suite 250
Suwanee, GA 30024
info@jjeonglaw.com

Lawrence Adam Silverman
Credit Repair Lawyers of America
39111 Six Mile Road
Suite 142
Livonia, MI 48152
404-583-4350
Email: : las@seconsumerlaw.com