IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Mirabahn Cairobe, | § § § | |
| Plaintiff | § § | |
| vs. | § § | Case No. 1:23-cv-00486-CAP-JKL |
| Zwicker & Associates, P.C., | § § § | |
| Defendant | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July 25, 2024, the court conducted a hearing on Defendant's requests for fees pursuant to 15 U.S.C. § 1692k (Doc. 53) and Fed. R. civ. P. 11 (Doc. 52). Defendant appeared through its attorneys of record and Plaintiff appeared *pro se*. Having considered the evidence and testimony presented the Court makes the following findings of fact and conclusions of law:

1.   Plaintiff sued Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Doc. 6.

2.   To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the

defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

3. The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

4. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

5. The FDCPA does not apply to business debts, only consumer debts. *See Breen v. Callagy Law PC*, 851 F. App'x 302, 305 (3d Cir. 2021); *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1168 (3d Cir. 1987); *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 362 (3d Cir. 2018).

6. The American Express debt that Defendant sought to collect from Plaintiff was a business debt. Tr. at p. 10, l. 3-14; p. 14, l. 9-11.

7. Plaintiff knew at all times that the American Express debt that Defendant sought to collect from her was a business debt. Tr. at p. 10, l. 3-14; p. 14, l. 9-11.

8. As the obligor on a business debt, Plaintiff is not a "consumer" as defined in the FDCPA.

9. The allegation in Plaintiff's First amended Complaint that she is a "consumer" as defined in the FDCPA is false.

10. Plaintiff knew that allegation was false at the time it was made.

11. During the hearing, Defendant's counsel confronted Plaintiff with two recordings of phone calls to American Express. Defendant's Hearing Exhibit 2.

12. Plaintiff admitted that the recordings represented calls she had made to American Express. Tr. at p. 22, l. 17-19; l. 23, l. 11-12.

13. In the first of those recordings (labeled Zwicker_0176) Plaintiff expressly acknowledge having two accounts with American Express, and she provided the numbers for those accounts.

14. In the second of those recordings (labeled Zwicker_0177) Plaintiff again called American Express and acknowledged that she was indebted to it.

15. Plaintiff subsequently filed a police report in which she alleged that she was a victim of identity theft with respect to her American Express accounts. Defendant's Hearing Exhibit 1.

16. That report was submitted less than a year after Plaintiff called American Express and identified herself and her account numbers. Defendant's Hearing Exhibit 2; Tr. at p. 24, l. 6-16.

17. Plaintiff's police report was false. *Id.*

18. Plaintiff knew that her police report was false at the time it was made. Tr. at p. 26, l. 7-21.

19. On February 6, 2022, Plaintiff reported the alleged Debt to the Federal Trade Commission as fraud. Doc. 6, ¶ 10; Tr. at p. 15, l. 8-24.

20. Plaintiff's FTC report was false. Defendant's Hearing Exhibit 2.

21. Plaintiff knew that her FTC report was false at the time it was made. Tr. at p. 26, l. 7-21.

22. On February 1, 2023, Plaintiff filed her original Complaint in this case, in which she alleged that the American Express account which Defendant attempted to collect from her "does not belong to Plaintiff as she is a victim of identity theft." Doc. 1, ¶ 8.

23. That allegation was false. Defendant's Hearing Exhibit 2.

24. Plaintiff knew that allegation was false at the time it was made. *Id.*

25. On or about March 21, 2023, Plaintiff filed her First Amended Complaint in this case, in which she alleged that that the American Express account which Defendant attempted to collect from her "does not belong to Plaintiff as she is a victim of identity theft." Doc. 6, ¶ 7.

26. That allegation was false. Defendant's Hearing Exhibit 2.

27. Plaintiff knew that allegation was false at the time it was made. *Id.*

28.   Plaintiff alleged in her First Amended Complaint that Defendant had communicated with a consumer whom it knew to be represented by counsel in violation of 15 U.S.C. § 1692c. Doc. 6, ¶ 28.

29.   That allegation was false as:

   a. Plaintiff is not a consumer because the debt at issue was a business debt; and

   b. Her attorney had affirmatively represented to defendant's employee that his firm did not represent Plaintiff in connection with her debt to American Express.

Defendant's Hearing Exhibit 4; Tr. at p. 28, l.4-20.

30.   Furthermore, Defendant's call to Plaintiff forming the basis of her claim under 15 U.S.C. § 1692c conveyed no information regarding the debt, and it was not a communication as defined in 15 U.S.C. § 1692a. Defendant's Hearing Exhibit 4; Tr. at p. 29, l. 6 – p. 31, l. 3.

31.   As a result, Plaintiff's claim under 15 U.S.C. § 1692c was brought in bad faith and for the purpose of harassment, and that claim was groundless in law and fact.

32.   On June 26, 2023, Plaintiff filed in this case in opposition to Defendant's Motion for Summary judgment a document entitled Declaration of Mirabahn Cairobe. Doc. 30-2 (Defendant's Hearing Exhibit 5).

33. That Declaration was signed under penalty of perjury. *Id.*

34. In that Declaration Plaintiff stated: "I never applied for nor authorized anyone to apply for the credit line at issue with AMEX for myself or Cairobe Holdings, LLC." Doc. 30-2, ¶ 5.

35. That statement was false. Defendant's Hearing Exhibit 2 is a recording of a call that Plaintiff placed to American Express in which she identified both herself and her account numbers. Furthermore, Plaintiff admitted to having American Express accounts. Tr. at p. 20, l. 17-22.

36. Plaintiff admitted that her declaration was false. Tr. at p. 34, l. 16 – p. 36, l. 4.

37. Plaintiff knew that her Declaration was false at the time it was made. Defendant's Hearing Exhibit 2; Tr. at p. 34, l. 16 – p. 36, l. 4.

38. In that Declaration Plaintiff stated: "I do not have a business or personal credit line with AMEX." Doc. 30-2, ¶ 6.

39. That statement was false. Defendant's Hearing Exhibit 2; Tr. at p. 34, l. 16 – p. 36, l. 4.

40. Plaintiff knew that statement was false at the time it was made. *Id.*

41. From inception, Plaintiff has pursued this litigation in bad faith and for the purpose of harassment.

42. During the July 12, 2024 hearing, Plaintiff testified that did not have the American Express account that was at issue in this case. Tr. at p. 17, l. 13-19; p. 19, l. 20-23; p. 21, l. 15-17.

43. That testimony was false. When Plaintiff telephoned American Express, she identified her account numbers. Defendant's Hearing Exhibit 2; Tr. at p. 21, l. 17 – p. 22, l. 12.

44. The Court has already found, as a matter of law, that defendant was entitled to summary judgment in its favor on all of Plaintiff's claims. Doc. 46, reported at *Cairobe v. Zwicker & Assocs.*, No. 1:23-cv-486-CAP-JKL, 2023 U.S. Dist. LEXIS 178348 (N.D. Ga. Oct. 2, 2023). That report and recommendation was adopted by the District Court at Doc.56, reported at *Cairobe v. Zwicker & Assocs., P.C.*, No. 1:23-CV-0486-CAP, 2023 U.S. Dist. LEXIS 235767 (N.D. Ga. Nov. 16, 2023).

45. The Court takes judicial notice of such orders and incorporates them herein by reference.

46. There was no basis in fact or law for any of Plaintiff's claims in this case.

47. Plaintiff's claims in this case were not warranted by any good faith argument for the extension, modification, or reversal of existing law.

48. Plaintiff's claims were groundless in law and fact.

49. Plaintiff filed and prosecuted this case in bad faith for the purpose of harassment.

50. The Court finds that such conduct was intentional and malicious and that it proximately caused Defendant to incur the fees and costs awarded below.

51. Plaintiff violated FED. R. CIV. P. 11 by filing her First amended Complaint (Doc. 6) as well as her Declaration (Doc. 30-2) and her opposition to Defendant's Motion for Summary Judgment.

52. Defendant complied with the "safe harbor" requirement of FED. R. CIV. P. 11. Doc. 55-2.

53. Defendant is entitled to recover its fees and costs from Plaintiff as provided for in FED. R. CIV. P. 11.

54. In the alternative, because Plaintiff brought this action in bad faith and for the purpose of harassment, Defendant is also entitled to recover its fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), as the Court finds that this action was brought in bad faith and for the purpose of harassment.

55. The Court finds that Defendant is entitled to recover from Plaintiff $_____, in fees and $_____ in costs.

56. For the reasons set forth above the Court recommends that Defendant's motions in Docs. 52 and 53 for an award of fees and costs be granted.

57. The Court further recommends that Defendant be awarded judgment against Plaintiff in the total amount of $_____ together with interest thereon and costs of execution and enforcement of the judgment.

58. Defendant shall credit against such award all fees and costs paid to it by Credit Repair Lawyers of America.

Signed this ____ day of _____, 2024.

_____
Hon. John K. Larkins, III
United States Magistrate Judge