IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRABAHN CAIROBE,<br><br>    Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C.,<br><br>    Defendant. | CIVIL ACTION FILE NO.:<br><br>1:23-cv-486-CAP-JKL |

## **ORDER**

This consumer action is presently before the Court on Defendant Zwicker and Associates, P.C.'s motion for sanctions against Plaintiff Mirabahn Cairobe pursuant to Federal Rule of Civil Procedure 11.[1] [Doc. 52.]

On September 27, 2024, the Court granted the sanctions motion, finding Plaintiff's conduct sanctionable, since a reasonable party in Plaintiff's circumstances would have known the allegations contained in her complaint were

---

[1] As previously noted, Defendant separately negotiated a resolution of the sanctions motions as they pertain to Plaintiff's counsel. [*See* Doc. 70; *see also* Doc. 82 at 1, n.1.]

demonstrably false and the claims based upon them frivolous.[2,3]  [Doc. 82.]  That September 27 Order, however, deferred ruling on the amount of those sanctions, since the Eleventh Circuit requires that "a district court [] consider financial ability

---

[2] The Court denied Defendant's request for sanctions pursuant to the FDCPA.  [*See* Doc. 82.]

[3] A magistrate judge must issue a report and recommendation on a motion that is dispositive of a claim, party, or defense.  28 U.S.C. § 636(b).  Requests for sanctions, such as those for attorney fees and costs, for conduct that occurred in the preliminary stages of the case, however, are "non-dispositive of any claim or defense."  *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018).  Accordingly, the undersigned has authority to resolve the pending motions for sanctions via order.  *See Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2018 WL 7364572, at *10 (S.D. Fla. Dec. 17, 2018) (explaining that "courts have consistently found that a magistrate judge has jurisdiction to issue a post-trial (or post-judgment) order on a motion for sanctions where the basis for sanctions arose in the case's preliminary stages, unless the nature of the sanction is dispositive of a party's claim or defense, e.g., dismissal"); *see also Robinson v. Eng*, 148 F.R.D. 635, 639-41 (D. Neb. 1993) (analyzing the Federal Rules of Civil Procedure and the legislative history of § 636(b)(1)(A) to conclude that Rule 11 sanctions are nondispositive and that magistrate judges have the authority to impose Rule 11 sanctions); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) (determining that sanctions under Rule 11 are nondispositive and, therefore, a magistrate judge's Rule 11 decision is reviewed under a clearly erroneous or contrary to law standard); *San Shiah Enter. Co. v. Pride Shipping Corp.*, 783 F. Supp. 1334, 1335 (S.D. Ala. 1992) (reviewing a magistrate judge's imposition of Rule 11 sanctions under a clearly erroneous or contrary to law standard); *cf.* Consequences of Litigation Misconduct—In General, 5A Fed. Prac. & Proc. Civ. § 1336 (4th ed. 2024) (noting a split in authority on this issue with a majority view indicating magistrate judges have the authority to impose sanctions, including from district courts in Alabama, Connecticut, Florida, Nebraska, Virginia, and from the Second, Seventh, Ninth, and Tenth Circuits).  Accordingly, the undersigned resolves the pending motions by way of order.

in the award of sanctions," *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998) (reversing lower court's decision awarding sanction because it had not inquired into the plaintiff's financial status), and the undersigned had no information concerning Plaintiff's finances [*see* Doc. 82 at 19-20]. Accordingly, the Court directed Plaintiff:

> to file, **within twenty-one days of the date of this Order**, evidence of her financial condition, including her current income from employment and any other sources; current amount of money in any checking and savings accounts; and current amount of any debts or other financial obligations which she may want this Court to consider in connection with an award of sanctions. **<u>Plaintiff is warned that if she does not provide evidence of her financial condition, the Court will conclude that Plaintiff has the ability to pay the full amount of fees and expenses requested by Defendant</u>**.

[*Id.* at 20.] Since that time, Plaintiff has neither submitted financial information, requested additional time to do so, nor taken any other action to suggest she disputes or objects to the reasonableness of the amount of fees requested by Defendant as a sanction.

Rule 11's purpose is to "'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses,'" *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989) (quoting Rule 11, adv. committee note), and so sanctions imposed under the Rule, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others

similarly situated," Fed. R. Civ. P. 11(c)(4). Appropriate sanctions may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* Trial courts have broad discretion with respect to the imposition of sanctions. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996).

In this case, the Court finds that the award of Defendant's reasonable attorney's fees—which the "text of Rule 11 explicitly authorizes," *see Walther v. McIntosh*, 572 F. App'x 881, 884 (11th Cir. 2014)—is appropriate, as (1) Plaintiff and her counsel's sanctionable conduct began with the false allegations and frivolous claims set forth in her complaint, (2) that conduct continued throughout the litigation, and (3) Plaintiff has filed at least one similar action that lacked evidence to proceed to trial. [*See* generally Doc. 82.] *See also Cairobe v. Experian Info. Sols., Inc.*, No. 1:22-cv-02922-TWT, Dkt. Entries 82, 96 (N.D. Ga.) (entering summary judgement in favor of the defendants because Plaintiff had provided apparent authority to the other individuals on a credit card issued in her name and appears to have dissembled regarding her knowledge of those individuals' use of the card).

4

Defendant has incurred $76,705.37 worth of fees and expenses in defending this action and bringing its motion for sanctions. [*See* Doc. 78, Ex. 6 (billing records prior to July 25 Hearing); s*ee also* Doc. 80 at 5-6 (subsequent billing records).] The Court has reviewed those records, and finds no issue with their reasonableness. Plaintiff, meanwhile, has offered no objections to the hourly rates or number of hours expended in connection with the defense of the case, and has offered no evidence or even argument to suggest that she lacks the finances to pay such an award. As a result, the Court finds that a sanctions award of $76,705.37 in attorney fees is appropriate in this case. Because Defendant has separately reached a negotiated settlement of its sanctions request with Defendant counsel, however, the Court additionally concludes that the amount owed by Plaintiff should be reduced by a commensurate amount.

Accordingly, for the reasons set forth above, Defendant's motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11 is **GRANTED** [Doc. 52], and Plaintiff is **DIRECTED** to pay $76,705.37, less any amount owed by her counsel pursuant to its negotiated settlement with Defendant.

IT IS SO ORDERED, this 29th day of October, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge